[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 5, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14342
Non-Argument Calendar

_____

D. C. Docket No. 04-00071-CV-3-MCR-MD

KENNETH D. JEWSON,

Petitioner-Appellant,

versus

GARY THOMAS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 5, 2006)

Before DUBINA, BLACK and HULL, Circuit Judges.

PER CURIAM:

Florida prisoner Kenneth D. Jewson appeals the district court's denial of his federal habeas petition, brought pursuant to 28 U.S.C. § 2254. We granted a certificate of appealability (COA) on the following issue only:

> Whether the district court violated *Clisby v. Jones*, 960 F.2d 925, 938 (11th Cir. 1992) (en banc), by failing to address appellant's claim that the district court judge lacked jurisdiction to issue an order on an evidentiary hearing held before another judge, as set forth in claim 11 of appellant's 28 U.S.C. § 2254 petition.

Normally, we deem issues not argued in the petitioner's brief abandoned. *See Hartsfield v. Lemacks*, 50 F.3d 950, 953 (11th Cir. 1995) (considering abandonment in context of a § 1983 action). For example, in *Isaacs v. Head*, the district court certified 16 grounds for appeal in the COA, but Isaacs only argued 8 of these in his brief. 300 F.3d 1232, 1238 (11th Cir. 2002). We held the other eight grounds were abandoned. *Id.*

We granted a COA on the issue of whether the district court erred by not addressing the merits of Jewson's claim 11, that the state trial court conducting his post-conviction evidentiary hearing did not possess subject matter jurisdiction to rule on the hearing once the initial judge recused himself. Jewson's brief only addressed the merits of the claim, not whether the district court erred by not addressing it. Jewson abandoned the sole issue on which we granted the COA by failing to argue the issue on appeal.

2

Even if Jewson had not abandoned the claim, the district court did not fail to address Jewson's claim. All claims regarding defects, jurisdictional or otherwise, in Jewson's state collateral proceeding were resolved by the district court's finding that such claims were not properly brought in a § 2254 petition because those claims did not attack Jewson's confinement, but only attacked a proceeding collateral to that confinement.

Jewson abandoned the *Clisby* issue on appeal. Furthermore, the district court resolved each issue related to Jewson's state collateral proceeding in deciding his § 2254 petition.

AFFIRMED.